Case No. 23-35193

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL Z. CROWE; and OREGON CIVIL LIBERTIES ATTORNEYS,

Plaintiffs-Appellants,

and

LAWRENCE K, PETERSON,

Plaintiff,

vs.

OREGON STATE BAR,

Defendant-Appellee.

## PLAINTIFFS-APPELLANTS' SUPPLEMENTAL BRIEF

Appeal from the United States District Court for the District of Oregon
Case No. 3:18-cv-02139-JR, Hon. Michael H. Simon, presiding

**MILITARY DISABILITY LAWYER, LLC**
Luke D. Miller
1567 Edgewater St. NW
PMB 43
Salem, OR 97304
(800) 392-5682
luke@militarydisabilitylawyer.com

**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
Scott Day Freeman
Adam Shelton
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiffs-Appellants*

# TABLE OF CONTENTS

Table of Contents ....................................................................................................i

Table of Authorities ...............................................................................................ii

Introduction ............................................................................................................1

Argument ................................................................................................................2

I.  Because this case is brought pursuant to *Ex parte Young,* Plaintiffs need not satisfy the *Kohn* test. ...................................................................................2

II. Even if that were not true, OSB is not entitled to Eleventh Amendment Immunity under the *Kohn* test. ...................................................................5

    A.    Oregon's treatment of OSB indicates that Oregon did not intend to cloak OSB with its sovereign immunity. .............................................6

    B.    OSB operates independently through a Board of Governors elected by OSB members and is empowered to hold property in its own name, sets its own annual membership fee, and governs its own affairs which shows Oregon maintains little control over OSB. .......9

    C.    OSB has a minimal effect on Oregon's treasury, as it holds its own property and funds itself through annual fees that it sets of its own accord without input from any of the three branches of government. ................................................................................................ 11

Conclusion ........................................................................................................... 13

Certificate of Compliance ................................................................................... 14

Certificate of Service .......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041 (9th Cir. 2000) 5

*Association of Surrogates & Supreme Court Reporters v. State of New York*, 940 F.2d 766 (2d Cir. 1991) ....................................................................................... 4

*Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085 (9th Cir. 2007) ......... 5

*Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021) .............................. passim

*Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836 (9th Cir. 1997) ................... 3

*Ex parte Young*, 209 U.S. 123 (1908) ....................................................... 1, 2, 3, 4, 5

*Fontenot v. McCraw*, 777 F.3d 741 (5th Cir. 2015) ..................................................4

*FTC v. Ticor Title Ins. Co.*, 504 U.S. 621 (1992) ......................................................8

*Gruber v. Oregon State Bar*, No. 3:18-cv-1591-JR, 2019 WL 2251826 (D. Or. Apr. 1, 2019) ................................................................................................................3

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) ..................................3

*Keller v. State Bar of California*, 496 U.S. 1 (1990) ................................................8

*Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) ...................... passim

*Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198 (9th Cir. 1988) .............................2

*Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868 (D.C. Cir. 2008) ........................................................................................ 2, 6, 10, 11

*R. W. v. Columbia Basin Coll.*, 77 F.4th 1214 (9th Cir. 2023) ............................. 1, 2

*Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) ..........................5

**Statutes**

Cal. Bus. & Prof. Code § 6008 ................................................................................7

ORS § 270.020 ........................................................................................................12

ORS § 9.010(2) ........................................................................................................8

ORS § 9.010(5) ....................................................................................................7, 12

ORS § 9.010(6) ....................................................................................................4, 12

ORS § 9.025 .............................................................................................................9

ORS § 9.055 .............................................................................................................9

ORS § 9.080(1) ......................................................................................................10

ORS § 9.191(1) ................................................................................................ 10, 12

**Other Authorities**

Defendants-Appellees State Bar of Cal. & Cal. Comm. of Bar Exam'rs Supp. Br.
  re Hearing En Banc, *Kohn v. State Bar of California*, No. 20-17316, 2023 WL
  4054590 (9th Cir. filed June 6, 2023) ................................................................8

Plaintiff's First Amended Complaint, *Kohn v. State Bar of California*, No. 4:20-cv-
  04827-PJH (Filed Sept. 7, 2020) ........................................................................4

**INTRODUCTION**

On January 8, 2024, this Court ordered the parties to file supplemental briefs addressing whether the Oregon State Bar ("OSB") enjoys Eleventh Amendment immunity under the new arm-of-the-state analysis adopted in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) (en banc). The simple answer is no. *Kohn*'s new test for immunity analysis does not lead to a different outcome from the one this Court rendered in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021) (*Crowe I*).

The first reason is that Plaintiffs sued OSB officials in their official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* doctrine is a long-standing *exception* to Eleventh Amendment immunity. *See R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023). That means that regardless of how or when Eleventh Amendment immunity attaches to a defendant (which was the question at issue in *Kohn*), this case can still proceed to a consideration of the merits. In other words, because this is "an action seeking prospective relief against a state official for a violation of federal law," *id.*, there's no Eleventh Amendment hurdle that the Plaintiffs need to surmount by satisfying the new *Kohn* test.

But even if that were not true, OSB is also not an arm of the state under *Kohn* because it has sufficient autonomy from the state and because the totality of Oregon's treatment of OSB does not evince any intent for OSB to enjoy its

1

sovereign immunity. Thus, the *Kohn* ruling does not change anything about this case.

## ARGUMENT

The *Kohn* decision replaced the "*Mitchell*" test[1] for determining whether an entity is an arm of the state (and therefore cloaked with the state's Eleventh Amendment immunity), with the three-factor analysis formulated by the D.C. Circuit in *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868 (D.C. Cir. 2008) ("*PRPA*"). But it is unnecessary for this Court to decide whether OSB would qualify for Eleventh Amendment immunity under *Kohn* as opposed to *Mitchell*, because either way, this case would still proceed. That is because it is brought pursuant to *Ex parte Young*, which is an exception to the Eleventh Amendment rule.

### I. Because this case is brought pursuant to *Ex parte Young,* Plaintiffs need not satisfy the *Kohn* test.

Under the century-old rule of *Ex parte Young,* the Eleventh Amendment presents no bar to a plaintiff who seeks prospective injunctive relief against state officials for violating the federal Constitution. The reason is that "a state officer who violates federal law acts outside the scope of her authority," and "is 'not the State for sovereign-immunity purposes.'" *R. W.*, 77 F.4th at 1220 (citation

---

[1] *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201–02 (9th Cir. 1988).

omitted); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 266–27 (1997) ("where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar.").

The District Court recognized that the *Ex parte Young* principle applies here, *see Gruber v. Oregon State Bar*, No. 3:18-cv-1591-JR, 2019 WL 2251826, at *7 (D. Or. Apr. 1, 2019), and it still applies because Plaintiffs have sued state officers in their official capacities for violating their First Amendment rights.

The Eleventh Amendment bars suits for *damages* against states and their entities. *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). But here, Plaintiffs are seeking prospective injunctive relief against an ongoing violation of their federal constitutional rights—which plainly falls within the *Ex parte Young* rule.

In *Kohn*, by contrast, the plaintiff sued *only* the California State Bar itself. *See* 87 F.4th at 1024. He also sued for damages and did not seek prospective injunctive relief. *Id.* The en banc court found that the State Bar was an arm of the state, and therefore that ordinary Eleventh Amendment immunity applied. Notably, the en banc court expressly limited its holding to the viability of a case against the California State Bar *as an entity*. *See* 87 F.4th at 1024 n.2 ("we reach only the issue

of whether the State Bar is an arm of the state for purposes of sovereign immunity.")[2]

True, Plaintiffs seek, along with prospective injunctive relief, a refund of dues paid to OSB, Compl. at 15 ¶ E, but that refund is "ancillary" to the injunctive relief claims because it "accompany[ies] and further[s] [the] … otherwise appropriate [injunctive] relief." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015), and this type of ancillary relief falls within the *Ex parte Young* exception. *Id.* As the Second Circuit said in *Association of Surrogates & Supreme Court Reporters v. State of New York*, 940 F.2d 766, 774 (2d Cir. 1991), "any monies that will be restored to the plaintiffs from the state treasury are ancillary to the prospective relief," and thus are not barred by the Eleventh Amendment.[3]

---

[2] By contrast with this case, the Complaint in *Kohn* made no allegations against officials in their official capacity, did not seek prospective injunctive relief against future injuries, and did not otherwise assert an *Ex parte Young* case. Although captioned as a lawsuit against, inter alia, the California State Bar's "agents in their official capacity," it made allegations *only* against the bar itself, and sought retrospective relief for past (alleged) injuries only. *See* Plaintiff's First Amended Complaint, *Kohn v. State Bar of California*, No. 4:20-cv-04827-PJH (Filed Sept. 7, 2020).

[3] Furthermore, the refund would not be paid from state funds. *Crowe I*, 989 F.3d at 731 (citing ORS § 9.010(6) ("No obligation of any kind incurred or created under this section shall be, or be considered, an indebtedness or obligation of the State of Oregon.") But even if the Court were to deem the refund claim a kind of damages, OSB is not immune, as explained in Section II. The Court need not decide that, though, because Plaintiffs' claims for prospective injunctive relief enable this Court to proceed to the merits of their claims and then remand to determine the proper remedies.

Because "official-capacity actions for prospective relief are not treated as actions against the State," *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n.10 (1989), and this case—unlike *Kohn*—seeks such relief against officials in their official capacity who are (pursuant to statute) violating Plaintiffs' federal constitutional rights, this case involves a routine application of the *Ex parte Young* doctrine. That doctrine is an "exception to the Eleventh Amendment bar," *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1043 (9th Cir. 2000). *Kohn*, therefore, is irrelevant, because even if the OSB were an arm of the state, that would change nothing.

That is sufficient to permit this case to proceed. "In determining whether *Ex parte Young* is applicable to overcome the [defendants'] claim of immunity, the relevant inquiry is only whether [plaintiffs] [have] alleged an ongoing violation of federal law and seeks prospective relief." *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007). Since they have, that should be the end of the inquiry.

## II. Even if that were not true, OSB is not entitled to Eleventh Amendment Immunity under the *Kohn* test.

Although the *Ex parte Young* exception to Eleventh Amendment immunity applies and is sufficient to show that *Kohn* is irrelevant, the OSB does not enjoy the immunity that the California State Bar enjoys pursuant to *Kohn*. The *Kohn* test calls for the Court to consider "'(1) the [s]tate's intent as to the status of the entity,

5

including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury.'" 87 F.4th at 1030 (citation omitted). Here, all three factors weigh in favor of finding that OSB is *not* an arm of the state, and therefore not entitled to immunity. This is the same result as in *Crowe I*.

> **A. Oregon's treatment of OSB indicates that Oregon did not intend to cloak OSB with its sovereign immunity.**

The first factor of *Kohn*'s arm-of-the-state analysis requires the Court to determine whether the state intended its sovereign immunity to protect the sued entity. *Cf. PRPA*, 531 F.3d at 874. In *Kohn*, this was done by examining the degree to which California law treated the California Bar as a governmental instrumentality. 87 F.4th at 1030. Notably, the California State Bar is actually "codified in the California Constitution." *Id.* at 1032. Of course, a "state legislature's characterization of an entity is not the only important metric for the intent factor—state court treatment is also relevant." *Id.* The way California law characterized title to the property owned by the California Bar and the extent to which the California Bar could bind the government through its indebtedness was also relevant. *See id*. Finally, the Court examined the functions carried out by the California Bar, specifically whether it carried out primary governmental or associational functions. *Id*. at 1034; *see also PRPA*, 531 F.3d at 875.

But OSB differs in significant respects from the California State Bar. For one, unlike the California Bar, OSB is *not* codified in the Oregon Constitution. Also, Oregon law empowers OSB to enter into contracts and to buy and sell property in its own name, *autonomously* from the state, *see* ORS § 9.010(5), whereas California statutes cited in *Kohn*, 87 F.4th at 1032, specified that "[a]ll property of the State Bar is … held for essential public and governmental purposes in the judicial branch of the government." Cal. Bus. & Prof. Code § 6008. No similar provision appears in Oregon law.

Further, OSB's functions, unlike those of the California Bar, are as much associational as they are regulatory. The *Kohn* Court placed great weight on the fact that the California State Bar "'performs functions typically performed by state governments,'" while *not* conducting more general "associational" functions. 87 F.4th at 1033 (citation omitted). But as the record here shows, the exact opposite is true of OSB.

Moreover, in Oregon, it is the State Supreme Court that exercises the final authority with respect to attorney regulation. True, OSB manages the "bar examinations and attorney admissions, discipline, resignations, and reinstatements," *Crowe I*, 989 F.3d at 732, but those services are essentially advisory in nature, because the Oregon Supreme Court makes the final determination. *Id*. In fact, this Court explained in *Crowe I* that "OSB 'was created,

7

not to participate in the general government of the State, but to provide specialized professional advice to those with the ultimate responsibility of governing the legal profession.'" *Id.* (quoting *Keller v. State Bar of California*, 496 U.S. 1, 13 (1990)).

Even the California State Bar itself emphasized this distinction in its briefing in *Kohn,* when it said (correctly) that OSB "is a combination trade association-attorney licensing body and, as such, *is not under state control like the [California] State Bar*." Defendants-Appellees State Bar of Cal. & Cal. Comm. of Bar Exam'rs Supp. Br. re Hearing En Banc, *Kohn v. State Bar of California*, No. 20-17316, 2023 WL 4054590, at *2 (9th Cir. filed June 6, 2023) (emphasis added).

True, *Crowe I* said OSB is a public corporation and state instrumentality, 989 F.3d at 733 (citing ORS § 9.010(2)), but *Kohn* makes clear that how the legislature describes an entity is not dispositive.[4] And these other factors—matters on which the California State Bar differs entirely from OSB—weigh against a finding of immunity for the latter.

---

[4] To hold otherwise would be to empower states to "confer … immunity on private persons by fiat," which they cannot do. *FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 633 (1992).

**B. OSB operates independently through a Board of Governors elected by OSB members and is empowered to hold property in its own name, sets its own annual membership fee, and governs its own affairs which shows Oregon maintains little control over OSB.**

The second factor of the arm-of-the-state analysis examines the level of "control" a state exercises over the challenged entity. *Kohn*, 87 F.4th at 1035. This factor also weighs decidedly against a finding of immunity for OSB, because Oregon exercises minimal control over OSB. The main consideration under this factor is "'how the directors and officers' of the entity 'are appointed.'" *Id*. (citation omitted). Unlike the situation with the California State Bar, Oregon's government *plays no role* in determining the leadership of OSB. And that means it does not exercise sufficient control for a finding of sovereign immunity under *Kohn*.

In *Crowe I*, this Court recognized the significant independence OSB enjoys under Oregon law. 989 F.3d at 733. Specifically, this Court observed that neither of the three branches of government plays any role in the appointment of OSB's Board of Governors. *Id*.; *see also* ORS § 9.025. Fifteen of the Nineteen members of the Board are elected by active members of OSB. *Id*. The other four are appointed directly by the Board of Governors. *Id*. The Board of Governors itself appoints OSB's CEO, who then serves at the sole discretion of the Board. ORS § 9.055. After making these observations, *Crowe I* concluded that OSB "has the

9

authority to … regulate and manage … its own affairs." 989 F.3d at 733 (cleaned up).

The California State Bar is entirely different. The *Kohn* Court recognized that the "power to appoint the State Bar's governing structure is housed wholly within the state government." 87 F.4th at 1035. (Similarly, in *PRPA*, the D.C. Circuit determined that the majority of leadership of the Puerto Rico Ports Authority were other high-ranking government officials who sat on the Board only by virtue of the official positions they already held in government. 531 F.3d at 877.)

OSB's autonomy is specified by statute. It "has the authority to adopt, alter, amend and repeal bylaws and to adopt new bylaws containing provisions for the regulation and management of the affairs of the state bar not inconsistent with law." ORS § 9.080(1). By contrast, the California State Bar is created in the state's Constitution and its rules are specified by statute. And whereas in California, "the legislature sets an annual cap on the amount the State Bar can charge in licensee fees," *Kohn* 87 F.4th at 1035, OSB's Board of Governors sets the membership fees, which must then be approved by OSB's house of delegates—which, in turn, is elected solely by members of OSB, not by the legislature. ORS § 9.191(1).

Because no part of the Oregon government plays any role in the selection of the leadership of the Board of Governors, and because OSB's Board of Governors

10

is empowered to regulate the affairs of the OSB without interference, this second factor of the arm-of-the-state analysis weighs against finding that OSB enjoys Oregon's sovereign immunity.

> **C. OSB has a minimal effect on Oregon's treasury, as it holds its own property and funds itself through annual fees that it sets of its own accord without input from any of the three branches of government.**

The final factor of the arm-of-the-state analysis examines the financial relationship between the entity and the state—that is, the entity's overall effect on the state's treasury. The relevant issue "is a State's overall responsibility for funding the entity or paying the entity's debts or judgments, not whether the State would be responsible to pay a judgment in the particular case at issue." *PRPA*, 531 F.3d at 878 (emphasis removed). This factor, too, weighs against finding OSB is an arm of the state entitled to sovereign immunity.

*Kohn* considered the issue of the California State Bar's relationship to the state's treasury to be a "close[] call," 87 F.4th at 1037, and ultimately one it did not have to resolve. It was unclear, for example, whether a judgment against the California State Bar qualified as a judgment against the state, because on one hand, California's Bar was "responsible for its own debts and liabilities," *id*. at 1036, but on the other hand, the State Bar was a "surrogate" for the government, so that California could be "force[d]" to cover the State Bar's debts. *Id.* at 1037. In the

11

end, the Court was inclined to find that this factor weighed *against* immunity,[5] but declared that "this third factor is not dispositive" and was unnecessary to decide. *Id.*

Here, the question is not so close. OSB is funded through membership dues and OSB is responsible for its own debts and liabilities. Oregon law expressly provides that "[n]o obligation of any kind incurred or created under this section [i.e., the statutes governing OSB] shall be, or be considered, an indebtedness or obligation of the State of Oregon." ORS § 9.010(6). Also, Oregon specifically carved OSB out of the general rule in ORS § 270.020, under which "[t]itle to any parcel of land held by a state agency shall be in the name of the state, by and through the state agency controlling the parcel." Instead, OSB is empowered to "its own name, for the purpose of carrying into effect and promoting its objectives, enter into contracts and lease, acquire, hold, own, encumber, insure, sell, replace, deal in and with and dispose of real and personal property." ORS § 9.010(5). OSB also raises its own revenue through the collection of dues, and is empowered to set dues without input from any other branches of government. ORS § 9.191(1).

---

[5] *See id.* at 1037 ("in the absence of a showing that money used to pay a judgment will necessarily be replaced with state funds, we adhere to our basic proposition that the fact that the state may ultimately volunteer to pay the judgment … is immaterial") (cleaned up)).

Because Oregon does not bear significant financial responsibility for OSB, this factor weighs even more heavily than it did in *Kohn* against finding that the state has granted OSB sovereign immunity.

## CONCLUSION

*Kohn* makes no difference here. That case sought only damages and retrospective relief against the State Bar itself. This case is about prospective injunctive relief against officials in their official capacity, with an ancillary request for the return of dues paid during the relevant period. But even if Eleventh Amendment immunity were relevant, OSB does not enjoy its protection as it differs in virtually every relevant respect from the California State Bar, and therefore is still not an arm of the state even under *Kohn*.

**RESPECTFULLY SUBMITTED this 5th day of February 2024,**

/s/ *Scott Day Freeman*
Scott Day Freeman
Adam Shelton
**Scharf-Norton Center for**
**Constitutional Litigation**
**at the GOLDWATER INSTITUTE**
*Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and this Court's Order of January 8, 2024 (Dkt. 31) because this brief does not exceed 30 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft Word 2016 Times New Roman 14-point font.

Date: February 5, 2024

/s/ *Scott Day Freeman*
Scott Day Freeman
Adam Shelton
Scharf-Norton Center for
Constitutional Litigation
at the GOLDWATER INSTITUTE

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Scott Day Freeman*
Scott Day Freeman